STATE OF MISSISSIPPI v. EDWARD GLENNEN ET AL.

[47 South. 550.]

1. CRIMINAL LAW AND PROCEDURE. *Indictment. Failure to charge time and place. Demurrer.*

An indictment is demurrable if it fail to charge the time when or the place where the offense was committed.

2. SAME. *Judgment. Curable defects.*

Where a demurrer is sustained to an indictment for defects which are curable, the defendant should not be discharged, but held to answer a proper indictment.

3. SAME. *Municipalities. Officers. Offenses. Code 1906, §§ 1302, 3430. Increase of taxation.*

Under Code 1906, § 3430, providing that municipal authorities shall annually publish a statement of the taxes collected and expenditures made, and that the mayor and aldermen shall be suspended from office if there has been, unauthorized by a vote of the electors, an increase of taxation over the year next preceeding or the debts of the municipality have been increased by contract or ordinance participated in or voted for by them:—

(*a*) It is the duty of the mayor and board of aldermen not to increase taxation, unless authorized to do so by a vote of the electors; and

(*b*) If they do increase taxation, without being so authorized, they are subject to indictment under Code 1906, § 1302, making it a crime for any officer to wilfully neglect or refuse to perform any official duty

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Glennen and others, constituting the mayor and board of aldermen of the city of Biloxi, appellees, were indicted for a vio-

lation of Code 1906, § 1302, in that they failed to give notice of an election to be held by the electors of the city of Biloxi to determine whether there should be an increase in municipal taxation, the indictment charging that they thereby wilfully, and knowingly, and unlawfully failed and neglected to perform the duties required of them by law. A demurrer to the indictment was sustained, and the state appealed to the supreme court. The statute law on the subject is set forth in full in the opinion.

*George Butler,* assistant attorney general, for appellant.

The appellees were jointly indicted for violation of Code 1906, § 1302. The court below, in rendering its judgment, acted (as shown in the opinion of the learned circuit judge, made a part of the record), on the idea that "the *gravamen* of the charge is that the defendants increased the levy of taxes of the municipality in the year 1907 to the extent of six mills over the levy of 1906, and 'did then and there wilfully, knowingly, and unlawfully fail and neglect to perform a duty required of them by law, namely, to publish notice of an election in the city of Biloxi for the purpose of giving the electors of said city the right and privilege to vote for or against said increase.' "

Code 1906, § 3317, prescribes the maximum amount of taxes that may be levied for all purposes except special assessments. Code 1906, § 3430, requires that the mayor and board of aldermen shall publish annually a detailed statement of receipts and disbursements, showing resources and indebtedness at the beginning and the end of the fiscal year, and that if there has been an increase in the rate of taxation or of the indebtedness during the year, unless the increase shall have been authorized by the electors, etc., the officers participating shall be suspended and be ineligible to succeed themselves. Code 1906, § 1303, subjects any officer, knowingly or wilfully failing, neglecting, refusing to perform any duty required by law, or who shall "violate his duty in any respect" to a criminal prosecution, and

Code 1906, § 3475, subjects him to civil liability at the suit of anyone damaged thereby. It will be noted that a positive duty to submit the question of the increase, is not enjoined on the board by the statute law.

The statute does not say that the board *shall* submit the question of increase to the voters. But the duty is negatively enjoined upon them. Manifestly it was the duty of the board, before increasing the rate of taxation, to submit the question to the voters. Their failure to do so is a misfeasance for which the members of the board *"shall* be suspended from office." There are numerous acts by officers such as approving worthless bonds, receiving too much pay, accepting free railroad passes, etc., which are expressly mentioned in the Code; and, to secure the further discharge of *all* official duties and acts, Code 1906, § 1302 was passed.

The purpose of the statute is to protect the tax payer from unjust taxation, and so careful was the legislature to safe-guard this that the officer increasing the tax, must be at once removed and prevented from succeeding himself in the administration of the city's affairs, and, additionally be subject, if guilty of a wilful misfeasance, to a fine and imprisonment. The two Code section, § 1302 and § 3430, are in *pari materia* and should be construed together.

WHITFIELD, C. J., delivered the opinion of the court.

The demurrer to the indictment in this case was properly sustained for several obvious reasons. Among others, it stated no time or place when and where the offense was committed; but the court, after sustaining the demurrer and quashing the indictment, discharged the defendants absolutely, because it did not think they could be indicted under Code 1906, § 1302, for failure to discharge the duty provided in Code 1906, § 3430, to submit to the electors of the city the question of an increase of taxation and did not publish notice of the election therefor.

Code 1906, § 3430 is in the following words: *"Statements*

*to be Published, Penalty for increasing Expenditures.*—The mayor and board of aldermen shall publish on the first of October, annually, a statement showing the amount of taxes and other moneys collected during the preceding year, giving each source of income, the amount of expenditures in detail, stating for what purposes made. The statement shall show the resources and indebtedness of the municipality at the beginning of the fiscal year and at its close, and it must be spread on the minutes of the board. If there has been an increase of taxation as compared with the year next preceding, or if the indebtedness of the municipality has been increased during the year, by contract or by ordinance participated in or voted for by the mayor and aldermen, unless the increase be authorized by the electors as provided in this chapter, the mayor and aldermen shall be suspended from office, and the governor shall appoint their successors, who shall hold until the next election and qualification of officers thereunder. In case of an increase of indebtedness not so authorized, the mayor and aldermen shall not succeed themselves or each other. In towns or villages of less than one thousand inhabitants, the mayor and board of aldermen may have the statement in this section required posted in a conspicuous place in the municipality or published in a newspaper. Other municipalities shall cause it to be published in a newspaper, if there be one therein, otherwise it must be posted in at least three public places in the municipality."

Code 1906, § 1302 is in the following words: "*Failure to perform duty.*—If any person, being sheriff, clerk of any court, coroner, assessor or collector of taxes, or holding any county office whatever, or mayor, or marshal, or constable, or any other officer of any city, town or village, shall knowingly or wilfully fail, neglect, or refuse to perform any of the duties required of him by law, or shall fail or refuse to keep any record required to be kept by law, or shall secrete the same, or shall violate his duty in any respect, he shall, on conviction thereof, be fined not exceeding one thousand dollars, or be imprisoned in the county jail not exceeding six months, or both."

The gist of the indictment is that it charges that the defendants are guilty under Code 1906, § 1302, because they failed to give notice of an election to be held by the electors of the city of Biloxi, to determine the question whether there should be an increase in taxation. In other words, the indictment plainly proceeds upon the theory that Code 1906, § 3430 required the defendants to give notice of the election for the purpose of enabling the electors to determine whether such increase in taxation should be had, and that, this duty being neglected or violated by the defendants, they were indictable under Code 1906, § 1302, under which section the indictment is really drawn. This section (§ 1302) is a broad, sweeping, universal provision for the punishment of any official failure to discharge duty. The language is: "If any person being * * * any officer of any city," etc., "shall knowingly and wilfully neglect or refuse to perform any of the duties required of him by law, * * * or shall violate his duty in any respect," etc. Most manifestly this provision was intended as a universal provision, to cover all cases not otherwise specifically provided for.

We think it was the duty of defendants, under Code 1906, § 3430, to submit the question of this increase in taxation to the electors of Biloxi, and that, having violated their duty, they are clearly indictable under Code 1906, § 1302. It is entirely immaterial that Code 1906, § 3430, provides a penalty for the violation of its affirmative provision that the defendants should not increase the taxation without previous submission of the question to the electors. If they should do this—should affirmatively violate that provision of Code 1906, § 3430—then that section itself denounces a certain penalty, to-wit, suspension from office, etc. The object of that penalty is to remove from the control of the city, for the future, those who have neglected its interest in this important matter. But removal of such officer from the control of the city government for the future in no sort of way prevented their punishment for their misfeasance in the past under section 1302. The two statutes must be con-

strued together. The law had two purposes in view—punishment for the past and protection for the future. Protection of the city's interest in the future is secured by suspension from office, etc. Accountability to the city for its violated law is secured by Code 1906, § 1302. Both are essential to that complete protection of these all-important financial matters to which the city was entitled.

The judgment of the court below in quashing the indictment was correct enough; but it was error to discharge the prisoners, because it was error to hold that these defendants were not indictable under section 1302. The judgment, in so far as it discharged the prisoners and held them not indictable under Code 1906, § 1302, was erroneous, and it is in these respects reversed, and the cause remanded, and the prisoners will be held to answer such proper indictment as may be preferred against them.

*Reversed.*